UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert G. MacQueen,

    Plaintiff,

v.                                                            Civil No. 10-2555 (JNE/FLN)
                                                          ORDER

Janet Napolitano, Secretary, United States
Department of Homeland Security (o/b/o
United States Secret Service),

    Defendant.

---

Lawrence Schaefer, Esq., and Darren Sharp, Esq., Schaefer Law Firm, appeared for Plaintiff Robert G. MacQueen.

Ana H. Voss, Esq., United States Attorney's Office for the District of Minnesota, appeared for Defendant Janet Napolitano, Secretary, United States Department of Homeland Security (o/b/o United States Secret Service).

---

Claiming that he was denied a promotion due to discrimination against his religious beliefs, Robert MacQueen brings this action against Janet Napolitano, Secretary of the United States Department of Homeland Security, under Title VII of the Civil Rights Act of 1964. The case is before the Court on the Secretary's Motion to Dismiss. For the reasons set forth below, the Court grants the motion.

## I.     BACKGROUND

For present purposes, the Court assumes that the Complaint's allegations, summarized below, are true. MacQueen has been employed by the United States Secret Service since 1993. In 2006, he was assigned to the Secret Service's Hong Kong office. In November 2006, MacQueen began applying for promotions to supervisory agent positions. In April 2007, MacQueen was denied a promotion to a position overseeing an Airspace Security program.

1

Later, the Regional Supervisor for the United States Secret Service Asia, MacQueen, and MacQueen's supervisor met to discuss the denial of the promotion. The Regional Supervisor informed MacQueen that MacQueen had been rejected at the "Pre-Board" review of the promotion. At that time, Julia Pierson was the Secret Service's Assistant Director for Human Resources and Training, and her responsibilities included the "Pre-Board" review process. The Regional Supervisor informed MacQueen that Pierson had stopped his promotion. From 1997 to 1999, MacQueen worked under Pierson's direct supervision in the Secret Service's Tampa Field Office. Pierson knew of MacQueen's religious beliefs, and she made him aware of her discomfort with them. After his transfer out of the Tampa Field Office, MacQueen had no interaction with Pierson for nine years, during which time he received perfect evaluation scores from each of three successive superiors. MacQueen claims that Pierson denied him the promotion based on his religious beliefs.

The Regional Supervisor stated that he had the power to keep MacQueen in Hong Kong for another year or, if MacQueen fought the denial of the promotion, to transfer MacQueen to a big office such as Chicago or New York. The Regional Supervisor knew that MacQueen would strongly disfavor a transfer. Due to the threat of retaliation, MacQueen chose not to contest the denial of his promotion until he was in a more secure position.

In August 2008, MacQueen was transferred to the Secret Service's Minneapolis Field Office. Within two days of reporting to the Minneapolis office, he filed a complaint with the U.S. Office of Special Counsel. The next month, the Office of Special Counsel informed MacQueen of its policy to defer discrimination complaints to the Equal Employment Opportunity Commission. In October 2008, MacQueen reported the discriminatory denial of his promotion to the Secret Service's Equal Employment Office.

## II.     DISCUSSION

The Secretary moves to dismiss this action under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court considers the motion under Rule 12(b)(6).  *See Coons v. Mineta*, 410 F.3d 1036, 1039-40 (8th Cir. 2005); *cf. Jessie v. Potter*, 516 F.3d 709, 713 & n.2 (8th Cir. 2008).

The Secretary asserts that the action should be dismissed because MacQueen failed to contact an Equal Employment Opportunity Counselor within 45 days of the denial of his promotion.  *See Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 (8th Cir. 2000); 29 C.F.R. § 1614.105(a) (2010).  In his response to the Secretary's motion, MacQueen "concedes that he waited to initiate the administrative process until after the statute of limitations had expired."  He asserts that the Court should "equitably toll [the] statute of limitations due to [his] supervisor's explicit and affirmative threat of retaliating against [him] if he attempted to fight Defendant's discriminatory conduct."[1]  The alleged threat to transfer MacQueen does not allow him to avoid the consequences of his decision not to contact an Equal Employment Opportunity Counselor within 45 days of the denial of his promotion.  *See Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 624 (7th Cir. 2002); *Kirk v. Hitchcock Clinic*, 261 F.3d 75, 78 (1st Cir. 2001); *Carter v. W. Publ'g Co.*, 225 F.3d 1258, 1266 (11th Cir. 2000).  Because MacQueen did not timely contact an Equal Employment Opportunity Counselor, the Court dismisses this action.  *See Betz v. Chertoff*, 578 F.3d 929, 937-38 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1911 (2010).[2]

---

1       In a supplemental memorandum, MacQueen states that he, "like many courts, used the terms equitable tolling and equitable estoppel interchangeably" in his initial memorandum and that he relies on equitable estoppel.

2       In light of this conclusion, the Court need not consider the Secretary's argument that MacQueen failed to allege facts that would support a plausible claim of discrimination.

3

In his supplemental memorandum, MacQueen raises three arguments to avoid this result. First, he maintains that "[t]he Supreme Court and the Eighth Circuit both dictate that equitable remedies are available to a Title VII plaintiff when the defendant engages in 'affirmative misconduct' . . . or 'affirmatively and actively takes action that causes the employee not to timely file her suit.'" Next, he asserts that no case from any jurisdiction dismisses the claims of a plaintiff who delayed commencement of the administrative process due to the defendant's explicit and credible threats of retaliation. Finally, he argues that courts have exercised their discretion to equitably estop defendants from benefiting from their misconduct under analogous circumstances. The Court considers each argument in turn.

Citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), MacQueen maintains that "the Supreme Court ruled that an employer could be equitably estopped from asserting a timeliness defense if the employer engaged in 'affirmative misconduct' to cause the employee to fail to commence the administrative process within the statute of limitations." In *Baldwin*, the Supreme Court discerned no reason to toll the 90-day period that the plaintiff had to bring her Title VII action. 466 U.S. at 151. With regard to the particular point raised by MacQueen, the Court mentioned "affirmative misconduct" in the context of lulling a plaintiff into inaction:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her. *Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.* The simple fact is that [the plaintiff] was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

466 U.S. at 151 (emphasis added) (citations omitted). The Supreme Court cited three cases—*Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207 (9th Cir. 1981) (per curiam); *Wilkerson v.*

4

*Siegfried Insurance Agency, Inc.*, 621 F.2d 1042 (10th Cir. 1980); and *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979)—after the emphasized sentence. In *Villasenor*, the Ninth Circuit stated: "A statute of limitations in some situations may be tolled if the defendant has affirmatively sought to mislead the charging party." 640 F.2d at 207-08. In *Wilkerson*, the Tenth Circuit stated: "[A]ction by an employer which misleads an employee and causes him to fail to file notice within 180 days of his discharge is also a factor to be considered in connection with equitable tolling or estoppel." 621 F.2d at 1045. In *Leake*, "the district court rejected plaintiff's argument that the 180-day limit was tolled during the time that she engaged in private, voluntary negotiations with the University on the University's assurance that it would not assert a time-bar claim against her," and the Sixth Circuit reversed:

> It was during the period of voluntary negotiations that plaintiff and the University agreed that she would give the University sufficient time to investigate her complaints, and the University agreed that it would not use the time it spent in its investigation to prejudice plaintiff with respect to any statute of limitations. It appears to us that the University's express statements, and plaintiff's reliance thereon, could reasonably have led plaintiff to delay in the filing of her charges with the EEOC.

605 F.2d at 258-59. In this case, MacQueen does not assert that the Secretary mislead or lulled him into inaction. The Court does not find his reliance on *Baldwin* persuasive.

*Henderson v. Ford Motor Co.*, 403 F.3d 1026 (8th Cir. 2005), and *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323 (8th Cir. 1995), are the two opinions of the Eighth Circuit on which MacQueen heavily relies. In *Henderson*, the plaintiff argued that the statutes of limitations were tolled because of the defendant's fraudulent concealment of its discriminatory acts against her. 403 F.3d at 1033. The court of appeals stated that "[t]olling of the statutes of limitations as claimed by [the plaintiff] would be based on the doctrines of equitable estoppel or equitable tolling"; stated that "equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to

5

timely file her suit"; and concluded that equitable estoppel "does not apply in this case because [the plaintiff] presented no evidence that she was induced not to timely file her ADA claims due to any affirmative actions by [the defendant]." *Id.* Similarly, although the Eighth Circuit in *Dring* stated that "the doctrine of equitable estoppel . . . 'comes into play when a defendant takes active steps to prevent a plaintiff from suing on time,'" 58 F.3d at 1329 (quoting *Chakonas v. City of Chicago*, 42 F.3d 1132, 1136 (7th Cir. 1994)), the plaintiff's ability to proceed depended on equitable tolling because he did not argue that the defendant had "attempted to delay his filing of an EEOC charge by any misconduct other than [the defendant's] failure to reveal the fact that his termination was based on age," *id.* at 1330. In short, the plaintiffs in *Henderson* and *Dring* did not assert, and the Eighth Circuit did not consider, equitable estoppel under circumstances akin to those alleged by MacQueen.

In his second argument, MacQueen distinguishes *Beckel*, *Kirk*, and *Carter* on the ground that they did not involve a plaintiff whose delay in commencing the administrative process resulted from an explicit, credible threat of retaliation made by the employer. The Court is not persuaded by MacQueen's distinction. In *Beckel*, the Seventh Circuit stated:

> Even if there were admissible evidence that Wal-Mart had threatened the plaintiff with firing her if she sued, this would not make out a defense of equitable estoppel. Such a threat would be a form of anticipatory retaliation, actionable as retaliation under Title VII. Rather than deterring a reasonable person from suing, it would increase her incentive to sue by giving her a second claim, in this case a claim for retaliation on top of her original claim of sexual harassment. To allow the use of retaliation as a basis for extending the statute of limitations would not only distort the doctrine of equitable estoppel but circumvent the limitations that Title VII imposes on suits for retaliation, including the statute of limitations, which the plaintiff's argument implies never runs on such a suit.

301 F.3d at 624 (citations omitted). In *Kirk*, the First Circuit stated: "In the district court, Kirk argued that the delay in filing her claim of sex discrimination should be excused because 'she

6

was afraid she would lose her job if she filed earlier.'  This excuse was properly rejected by the district court." 261 F.3d at 78 (citation omitted).  In *Carter*, the Tenth Circuit stated:

> [T]he reasons espoused by plaintiffs for waiting to bring an EEOC charge until after Thomson acquired West do not support a finding of equitable tolling.  Plaintiffs do not point to any evidence of discrimination discovered after the sale that they needed to recognize that West was discriminating.  Instead, they focus on the change of management as removing their fear of retaliation for filing an EEOC charge.  Plaintiffs' purported fear of retaliation, however, is not a ground for equitable tolling.  Otherwise, the doctrine of equitable tolling would effectively vitiate the statutory time requirement because an employee could defer filing indefinitely so long as she had an apprehension about possible retaliation.  This court cannot permit such circumvention of Title VII's express filing limitations.  Furthermore, Title VII specifically protects employees against retaliation for filing a discrimination complaint.  Therefore, the district court clearly erred in finding the doctrine of equitable tolling applicable to this case.

225 F.3d at 1266 (citations omitted).

Finally, the Court is not persuaded by MacQueen's citation to cases that arose under the Privacy Act or that addressed the *Ellerth-Faragher* affirmative defense.  *Cf. Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (stating that "discrete discriminatory acts are not actionable if time barred" and that equitable estoppel is to be applied "sparingly").

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Secretary's Motion to Dismiss [Docket No. 4] is GRANTED.
2. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 14, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge